

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2013 MAR 28  PM 3: 04

LORETTA G. WHYTE
CLERK

# SEALED



FELONY

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

### INDICTMENT FOR DEPRIVATION OF RIGHTS
### UNDER COLOR OF LAW, BANK FRAUD, COMPUTER FRAUD, AGGRAVATED
### IDENTITY THEFT, OBSTRUCTION OF A FEDERAL INVESTIGATION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. **13-57** |
| v. | * | SECTION: **SECT. H MAG. 2** |
| MARK HEBERT | * | VIOLATIONS: 18 U.S.C. § 2 |
| | * | 18 U.S.C. § 242 |
| | | 18 U.S.C. § 1028A |
| | * | 18 U.S.C. § 1030 |
| | * | 18 U.S.C. § 1344 |
| | | 18 U.S.C. § 1519 |
| * | * | * |

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment:

1.      Defendant **MARK HEBERT** was a Sheriff's Deputy with the Jefferson Parish Sheriff's

Office, a duly constituted police agency providing law enforcement services in Jefferson Parish,

Louisiana.  As a Deputy Sheriff, **MARK HEBERT** was authorized by Louisiana law to make

arrests, gather evidence, and conduct searches and seizures.

Fee ___USH___
Process _____
x  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

2.      J.P. Morgan Chase, N.A., (hereinafter referred to as "Chase Bank"), located in the Eastern District of Louisiana and elsewhere, was a bank whose deposits were insured by the Federal Deposit Insurance Corporation, as provided by Title 18, United States Code, Section 20.

## COUNT 1

### (Deprivation of Rights Under Color of Law)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      On or about August 2, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, while acting under color of law as a Sheriff's Deputy with the Jefferson Parish Sheriff's Office, willfully deprived Albert Bloch of the rights, secured and protected by the United States Constitution, to be free from an unreasonable search and seizure and to be free from the deprivation of property without due process of law; that is, the defendant unreasonably seized and converted to his personal use the property of Albert Bloch, including, but not limited to, money and funds on deposit with Chase Bank; in violation of Title 18, United States Code, Sections 242 and 2.

## COUNTS 2 - 49

### (Bank Fraud)

1.      The Introduction to this Indictment is re-alleged and incorporated into these Counts of the Indictment.

2.      Beginning on or about August 2, 2007, and continuing until on or about November 21, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**,

aided and abetted by others known and unknown to the Grand Jury, devised a scheme and artifice to:

    a.    defraud Chase Bank, a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation,

    b.    obtain monies, funds, credits, and assets owned by and under the custody and control of Chase Bank by means of materially false and fraudulent pretenses, representations, and promises.

The scheme and artifice to defraud and to obtain monies, funds, credits, and assets by means of materially false pretenses, representations and promises was in substance as follows:

    a.    It was part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, while employed as a Jefferson Parish Sheriff's Deputy, responded to an automobile accident involving Albert Bloch.

    b.    It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, stole Albert Bloch's VISA Automated Teller Machine (ATM)/Debit Card ending in the numbers 4182 (hereinafter referred to as "VISA ATM/Debit Card #4182"), Personal Identification Number (hereinafter referred to as "PIN"), Chase Bank checks, Chase Bank savings account number, driver's license, social security number, and other identification and personal property.

    c.    It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, while Albert Bloch was still admitted to the hospital and thereafter, used Albert Bloch's VISA ATM/Debit Card #4182 and

3

PIN to make and attempt to make unauthorized purchases, transfers, and withdrawals from Albert Bloch's checking and savings accounts for the defendant's personal benefit.

d.    It was further part of the scheme and artifice to defraud that after the defendant, **MARK HEBERT**, discovered that Albert Bloch had filed a dispute with Chase Bank for the transactions conducted by **MARK HEBERT** and that Chase Bank had blocked the use of VISA ATM/Debit Card #4182, that **MARK HEBERT** needed to obtain possession of the replacement Visa ATM/Debit Card ending in the numbers 8461 that Chase Bank had issued to Albert Bloch (hereinafter referred to as "VISA Replacement ATM/Debit Card #8461") and the corresponding PIN in order to continue the scheme and artifice to defraud.

e.    It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, made efforts to locate Albert Bloch, including by going to his apartment complex.

f.    It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, while acting under color of law, made unauthorized inquiries into the National Crime Information Center computer database to obtain personal information concerning Albert Bloch.

g.    It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, for his personal benefit, wrote, forged, negotiated, and

4

attempted to negotiate checks drawn on Albert Bloch's Chase Bank checking account.

h.   It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, when he wrote, forged, negotiated, and attempted to negotiate checks drawn on Albert Bloch's Chase Bank checking account, used means of identification of Albert Bloch, including his State of Louisiana Driver's License number ending in the numbers 9023 and his Social Security number ending in the numbers 5650.

i.   It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, obtained VISA Replacement ATM/Debit Card #8461 from Albert Bloch and the corresponding PIN.

j.   It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, with specific intent, did kill, or participate in conduct that caused the death of, Albert Bloch to obtain VISA Replacement ATM/Debit Card #8461 and to prevent Albert Bloch from reporting to a law enforcement officer the scheme and artifice to defraud, deprivation of rights under color of law, and any other crimes alleged in this Indictment.

k.   It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, to conceal and avoid detection of the ongoing scheme and artifice to defraud, concealed and abandoned Albert Bloch's Volvo automobile in the rear of an apartment complex in Metairie, Louisiana.

l.      It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, in order to conceal and avoid detection of the ongoing scheme and artifice to defraud, maintained possession of Albert Bloch's Volvo automobile key and stored it in the police car assigned to the defendant by the Jefferson Parish Sheriff's Office.

m.      It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, took from Albert Bloch's residence correspondence from Chase Bank in order to gain further information about Albert Bloch's Chase Bank accounts.

n.      It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, for his personal benefit, used Albert Bloch's VISA Replacement ATM/Debit Card #8461 and the corresponding PIN to make and attempt to make cash withdrawals, balance inquires, and transfers of funds between Albert Bloch's accounts.

o.      It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, for his personal benefit, wrote, forged, negotiated, and attempted to negotiate checks and withdrawal slips drawn on Albert Bloch's Chase Bank accounts.

p.      It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, when attempting to negotiate forged checks and withdrawal slips drawn on Albert Bloch's Chase Bank accounts produced identification issued to Albert Bloch.

6

q.     It was further part of the scheme and artifice to defraud that the defendant, **MARK HEBERT**, after learning that Chase Bank had placed a restriction on access to Albert Bloch's bank accounts due to potential fraudulent activity, contacted Chase Bank and attempted to have the restriction lifted.

On or about the dates listed below in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, aided and abetted by others known and unknown to the Grand Jury, executed and attempted to execute the scheme and artifice to defraud and to obtain monies, funds, credits, and assets by means of false pretenses, representations and promises, as set forth below in that he used and attempted to use the aforementioned VISA ATM/Debit Cards, forged checks, identification information, and other unauthorized means;   in violation of Title 18, United States Code, Sections 1344 and 2.

| COUNT | DATE ON OR ABOUT | TRANSACTION TYPE | TRANSACTION | AMOUNT |
|---|---|---|---|---|
| 2 | August 2, 2007 | VISA ATM/Debit Card #4182 | Purchased Garmin Global Positioning System (GPS) at Circuit City, Covington, LA | $652.49 |
| 3 | August 2, 2007 | VISA ATM/Debit Card #4182 | Purchased Garmin GPS at Circuit City, Covington, LA | $652.49 |
| 4 | August 2, 2007 | VISA ATM/Debit Card #4182 | Made Purchase at Chevron, Covington, LA | $60.18 |
| 5 | August 3, 2007 | VISA ATM/Debit Card #4182 | Attempted to Purchase Automobile Parts at JEGS High Performance, Delaware, OH | $3,100.97 |

7

| 6 | August 3, 2007 | VISA ATM/Debit Card #4182 | Attempted to Purchase Automobile Parts at JEGS High Performance, Delaware, OH | $2,490.88 |
|---|---|---|---|---|
| 7 | August 4, 2007 | VISA ATM/Debit Card #4182 | Made Purchase at Shell Oil, Covington, LA | $59.09 |
| 8 | August 4, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 3200 Veterans Blvd., Metairie, LA | $202.50 |
| 9 | August 4, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 3200 Veterans Blvd., Metairie, LA | $202.50 |
| 10 | August 4, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 70324 Hwy 21, Covington, LA | $102.50 |
| 11 | August 5 , 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 3200 Veterans Blvd., Metairie, LA | $202.50 |
| 12 | August 5 , 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 3200 Veterans Blvd., Metairie, LA | $202.50 |
| 13 | August 5, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 70324 Hwy 21, Covington, LA | $102.50 |
| 14 | August 5, 2007 | VISA ATM/Debit Card #4182 | Transferred Funds from Savings Account to Checking Account at ATM at 70324 Hwy 21, Covington, LA | $5,000.00 |
| 15 | August 6, 2007 | VISA ATM/Debit Card #4182 | Transferred Funds from Savings Account to Checking Account at ATM at 1001 N. Hwy 190, Covington, LA | $400.00 |

| 16 | August 6, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 1001 N. Hwy 190, Covington, LA | $202.00 |
| 17 | August 6, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 1001 N. Hwy 190, Covington, LA | $202.00 |
| 18 | August 6, 2007 | VISA ATM/Debit Card #4182 | Transferred Funds from Savings Account to Checking Account at ATM at 1001 N. Hwy 190, Covington, LA | $600.00 |
| 19 | August 7, 2007 | VISA ATM/Debit Card #4182 | Made Purchase at Little Tokyo Restaurant, Mandeville, LA | $47.18 |
| 20 | August 7, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 2710 N. Hwy 190, Covington, LA | $202.75 |
| 21 | August 7, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 2710 N. Hwy 190, Covington, LA | $202.75 |
| 22 | August 7, 2007 | VISA ATM/Debit Card #4182 | Purchased Impact Wrench and Replacement Agreement at Sears, Slidell, LA | $375.18 |
| 23 | August 8, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 10710 Jefferson Hwy, River Ridge, LA | $202.50 |
| 24 | August 8, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 10710 Jefferson Hwy, River Ridge, LA | $202.50 |
| 25 | August 8, 2007 | VISA ATM/Debit Card #4182 | Purchased Miscellaneous Welding Equipment at Industrial Welding Supply, Slidell, LA | $2,507.78 |

| 26 | August 8, 2007 | VISA ATM/Debit Card #4182 | Transferred Funds from Savings Account to Checking Account at ATM at 1001 S. Tyler, Covington, LA | $5,000.00 |
|---|---|---|---|---|
| 27 | August 8, 2007 | VISA ATM/Debit Card #4182 | Transferred Funds from Savings Account to Checking Account at ATM at 3200 Veterans Blvd, Metairie, LA | $5,000.00 |
| 28 | August 9, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 10710 Jefferson Hwy, River Ridge, LA | $202.50 |
| 29 | August 9, 2007 | VISA ATM/Debit Card #4182 | Made ATM Withdrawal at 10710 Jefferson Hwy, River Ridge, LA | $202.50 |
| 30 | August 9, 2007 | VISA ATM/Debit Card #4182 | Purchased GE Electric Range, Warranty, and Other Items at Lowe's, Covington, LA | $2,372.76 |
| 31 | August 9, 2007 | VISA ATM/Debit Card #4182 | Purchased Gas Grill, Barbeque Set, and Other Items at Lowe's, Covington, LA | $899.97 |
| 32 | August 10, 2007 | VISA ATM/Debit Card #4182 | Attempted to Make Checking Account Withdrawal at ATM at 3208 Clearview Pkwy, Metairie, LA | $202.00 |
| 33 | August 11, 2007 | VISA ATM/Debit Card #4182 | Attempted to Make Checking Account Withdrawal at ATM at 2220 N. Causeway Blvd, Metairie, LA | $202.25 |

| 34 | September 17, 2007 | Chase Bank Check #136 | Purchased Automobile Parts at Clausen Racing Products, Independence, LA | $1,397.49 |
|---|---|---|---|---|
| 35 | September 19, 2007 | Chase Bank Check #138 | Purchased Automobile Parts at Diamond Racing Engines, Hammond, LA | $2,500.00 |
| 36 | September 19, 2007 | Telephone Transfer | Transferred Funds from Savings Account to Checking Account | $5,000.00 |
| 37 | September 19, 2007 | Telephone Transfer | Transferred Funds from Savings Account to Checking Account | $2,000.00 |
| 38 | September 22, 2007 | Chase Check Drawn on Bloch's Account | Attempted to Cash Check at 70430 Hwy 21, Covington, LA | $1,200.00 |
| 39 | September 24, 2007 | Chase Bank Check #140 | Purchased Automobile Parts at Brzezinski Racing Products, Pewaukee, WI | $2,186.00 |
| 40 | September 24, 2007 | Telephone Transfer | Transferred Funds from Savings Account to Checking Account | $1,000.00 |
| 41 | October 2, 2007 | Chase Bank Check #139 (Check Pre-Dated Sept. 19, 2007) | Attempted to Purchase Automobile Parts at Diamond Racing Engines, Hammond, LA | $2,800.00 |
| 42 | October 3, 2007 | VISA Replacement ATM/Debit Card #8461 | Made ATM Withdrawal at 104 West 21st Ave., Covington, LA | $202.50 |
| 43 | October 3, 2007 | VISA Replacement ATM/Debit Card #8461 | Made ATM Withdrawal at 104 West 21st Ave., Covington, LA | $202.50 |

| 44 | October 3, 2007 | Chase Check Drawn on Bloch's Account | Attempted to Cash Check at 70430 Hwy 21, Covington, LA | Amount in Excess of $2,600.00 |
| 45 | October 3, 2007 | Chase Check Drawn on Bloch's Account | Attempted to Cash Check at 409 E. Boston, Covington, LA | $2,600.00 |
| 46 | October 4, 2007 | Telephone Transfer | Transferred Funds from Savings Account to Checking Account | $1,214.16 |
| 47 | October 4, 2007 | VISA Replacement ATM/Debit Card #8461 | Attempted to Make Checking Account Withdrawal at ATM at 3200 Veterans Blvd., Metairie, LA | $202.50 |
| 48 | October 4, 2007 | VISA Replacement ATM/Debit Card #8461 | Attempted to Make Checking Account Withdrawal at ATM at 4601 Veterans Blvd., Metairie, LA | $202.00 |
| 49 | October 4, 2007 | VISA Replacement ATM/Debit Card #8461 | Attempted to Make Checking Account Withdrawal at ATM at 3120 Clearview Pkwy, Metairie, LA | $202.50 |

## COUNT 50

### (Computer Fraud)

1.     The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.     On or about August 11, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, intentionally and without authorization and in excess of authorization, accessed, attempted to access, and caused to be accessed a computer, and thereby

12

obtained information from a department and agency of the United States for the purpose of private financial gain and in furtherance of a criminal act in violation of the Constitution and the laws of the United States and of any State; specifically, the defendant accessed a computer to obtain nonpublic information from the National Crime Information Center, which is maintained by the Federal Bureau of Investigation, for the purpose of private financial gain and in furtherance of the crimes charged in Counts 2 through 49 of this Indictment; in violation of Title 18, United States Code, Sections 1030(a)(2) & (c)(2)(B) and 2.

## COUNT 51

### (Computer Fraud)

1.     The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.     On or about August 23, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, intentionally and without authorization and in excess of authorization, accessed, attempted to access, and caused to be accessed a computer, and thereby obtained information from a department and agency of the United States for the purpose of private financial gain and in furtherance of a criminal act in violation of the Constitution and the laws of the United States and of any State; specifically, the defendant accessed a computer to obtain nonpublic information from the National Crime Information Center, which is maintained by the Federal Bureau of Investigation, for the purpose of private financial gain and in furtherance of the crimes charged in Counts 2 through 49 of this Indictment; in violation of Title 18, United States Code, Sections 1030(a)(2) & (c)(2)(B) and 2.

13

## COUNT 52

### (Computer Fraud)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      On or about September 15, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, intentionally and without authorization and in excess of authorization, accessed, attempted to access, and caused to be accessed a computer, and thereby obtained information from a department and agency of the United States for the purpose of private financial gain and in furtherance of a criminal act in violation of the Constitution and the laws of the United States and of any State; specifically, the defendant accessed a computer to obtain nonpublic information from the National Crime Information Center, which is maintained by the Federal Bureau of Investigation, for the purpose of private financial gain and in furtherance of the crimes charged in Counts 2 through 49 of this Indictment; in violation of Title 18, United States Code, Sections 1030(a)(2) & (c)(2)(B) and 2.

## COUNT 53

### (Computer Fraud)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      On or about September 17, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, intentionally and without authorization and in excess of authorization, accessed, attempted to access, and caused to be accessed a computer, and thereby

14

obtained information from a department and agency of the United States for the purpose of private financial gain and in furtherance of a criminal act in violation of the Constitution and the laws of the United States and of any State; specifically, the defendant accessed a computer to obtain nonpublic information from the National Crime Information Center, which is maintained by the Federal Bureau of Investigation, for the purpose of private financial gain and in furtherance of the crimes charged in Counts 2 through 49 of this Indictment; in violation of Title 18, United States Code, Sections 1030(a)(2) & (c)(2)(B) and 2.

## COUNT 54

### (Aggravated Identity Theft)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      On or about September 17, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit a State of Louisiana Driver's License number ending in the numbers 9023 issued to Albert Bloch and a Social Security number ending in the numbers 5650 assigned to Albert Bloch, during and in relation to the commission of the felony offense of Bank Fraud in violation of Title 18, United States Code, Section 1344; all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 55

### (Aggravated Identity Theft)

1.     The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.     On or about September 19, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit a State of Louisiana Driver's License number ending in the numbers 9023 issued to Albert Bloch and a Social Security number ending in the numbers 5650 assigned to Albert Bloch, during and in relation to the commission of the felony offense of Bank Fraud in violation of Title 18, United States Code, Section 1344; all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 56

### (Obstruction of a Federal Investigation)

1.     The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.     On or about October 12, 2007, and continuing up to and through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, aided and abetted by other persons known and unknown to the Grand Jury, and acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly alter, destroy, conceal, and cover up multiple drivers' licenses issued to other individuals with the intent to impede any

investigation related to the violation of Albert Bloch's civil rights; the disappearance of Albert Bloch; and the execution or attempted execution of a scheme and artifice to defraud Albert Bloch, Chase Bank, and others, as alleged in Counts 1 through 55 of this Indictment; in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 57

### (Obstruction of a Federal Investigation)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      On or about November 21, 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, aided and abetted by other persons known and unknown to the Grand Jury, and acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly conceal and cover up auto parts purchased from Brzezinski Racing Products with the intent to impede any investigation related to the violation of Albert Bloch's civil rights; the disappearance of Albert Bloch; and the execution or attempted execution of a scheme and artifice to defraud Albert Bloch, Chase Bank, and others, as alleged in Counts 1 through 55 of this Indictment; in violation of Title 18, United States Code, Sections 1519 and 2.

17

## COUNT 58

### (Obstruction of a Federal Investigation)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      Beginning on or about October 13, 2007, and continuing up to and through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, aided and abetted by other persons known and unknown to the Grand Jury, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly alter, destroy, conceal, and cover up Chase Bank checks numbered 161 through 250 for the account of Albert Bloch with the intent to impede any investigation related to the violation of Albert Bloch's civil rights; the disappearance of Albert Bloch; and the execution or attempted execution of a scheme and artifice to defraud Albert Bloch, Chase Bank, and others, as alleged in Counts 1 through 55 of this Indictment;  in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 59

### (Obstruction of a Federal Investigation)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      Beginning on or about November 21, 2007, and continuing up to and through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant,

**MARK HEBERT**, aided and abetted by other persons known and unknown to the Grand Jury, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly alter, destroy, conceal, and cover up a Magnavox 20-inch flat-screen tube television with a DVD/VCR combination with the intent to impede any investigation related to the violation of Albert Bloch's civil rights; the disappearance of Albert Bloch; and the execution or attempted execution of a scheme and artifice to defraud Albert Bloch, Chase Bank, and others, as alleged in Counts 1 through 55 of this Indictment;  in violation of Title 18, United States Code, Sections 1519 and 2.

## COUNT 60

### (Obstruction of a Federal Investigation)

1.      The Introduction to this Indictment is re-alleged and incorporated into this Count of the Indictment.

2.      In or about December 2007, in the Eastern District of Louisiana and elsewhere, the defendant, **MARK HEBERT**, aided and abetted by other persons known and unknown to the Grand Jury, acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, did knowingly conceal a GE Electric Range with the intent to impede any investigation related to the violation of Albert Bloch's civil rights; the disappearance of Albert Bloch; and the execution or attempted execution of a scheme and artifice to defraud Albert Bloch, Chase Bank, and

19

others, as alleged in Counts 1 through 55 of this Indictment; in violation of Title 18, United

States Code, Sections 1519 and 2.

## NOTICE OF BANK FRAUD FORFEITURE

1.      The allegations of Counts 2 through 49 of this Indictment are realleged and incorporated

by reference as though set forth fully herein for the purpose of alleging forfeiture to the United

States of America pursuant to the provisions of Title 18, United States Code, Sections 1344 and

982(a)(2)(A).

2.      As a result of the offenses alleged in Counts 2 through 49, the defendant, **MARK**

**HEBERT**, shall forfeit to the United States any property, real or personal, constituting, or

derived from, proceeds the defendant obtained directly or indirectly, as a result of bank fraud, in

violation of Title 18, United States Code, Section 1344, including but not limited to the

following property:

      a.      At least $16,750.11 in United States Currency and all interest and proceeds
traceable thereto.

      b.      The government specifically provides notice of its intent to seek a personal money
judgment against the defendant in the amount of the fraudulently-obtained
proceeds.

3.      If any of the property described above as being subject to forfeiture, as a result of any act

or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982.

## NOTICE OF COMPUTER FRAUD FORFEITURE

1.  The allegations of Counts 50 through 53 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1030 and 982(a)(2)(B).

2.  As a result of the offenses alleged in Counts 50 through 53, the defendant, **MARK HEBERT**, shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of computer fraud, in violation of Title 18, United States Code, Section 1030, including but not limited to the following property:

a.  At least $16,750.11 in United States Currency and all interest and proceeds traceable thereto.

b.  The government specifically provides notice of its intent to seek a personal money judgment against the defendant in the amount of the fraudulently-obtained proceeds.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

21

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982.

A TRUE BILL:

FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

FRED P. HARPER, JR. (6568)
First Assistant United States Attorney

DUANE A. EVANS (24086)
Assistant United States Attorney
Chief, Criminal Division

STEPHEN C. PARKER (TN 12747)
Assistant United States Attorney

SHAN P. PATEL (NY Reg. 4579041)
Trial Attorney
Civil Rights Division

New Orleans, Louisiana
March 28, 2013

FORM OBD-34

No.____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

# INDICTMENT

INDICTMENT FOR DEPRIVATION OF RIGHTS
UNDER COLOR OF LAW, BANK FRAUD,
AGGRAVATED IDENTITY THEFT, OBSTRUCTION
OF A FEDERAL INVESTIGATION

### VIOLATIONS:
18 U.S.C. § 242; 18 U.S.C. § 1344; 18 U.S.C. § 1028A;
18 U.S.C. § 1519

_A true bill._

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2013.

_____
Clerk

Bail, $ _____

STEPHEN C. PARKER
Assistant United States Attorney