UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-57 |
| MARK HEBERT | SECTION "H" (2) |

### ORDER AND REASONS

Defendant Mark Hebert was previously convicted and sentenced in this court. His direct appeal has been concluded, and both his conviction and sentence have been affirmed. He has now submitted a letter to the court which I have deemed a motion seeking appointment of counsel in connection with a not yet filed but anticipated motion challenging his conviction and/or sentence under 28 U.S.C. § 2255. Record Doc. No. 167.

Consistently with the constitutional requirement, Fed. R. Crim. Pro. 44(a) requires appointment of counsel for indigent persons only "through appeal." Thus, defendant's current motion is governed by 18 U.S.C. § 3006A(2)(B), which provides in pertinent part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation <u>may</u> be provided for any financially eligible person who – is seeking relief under section 2241, 2254, or 2255 of title 28" (emphasis added). The use of the word "may" in this provision clearly makes the decision to appoint counsel in these circumstances discretionary with the court. See <u>United States v. Whitebird</u>, 55 F.3d 1007, 1011 (5th Cir. 1995) (Sixth Amendment right to counsel

extends only through defendant's first appeal, after which the decision whether to appoint counsel rests in the discretion of the district court).

Some case law indicates that factors to be considered in the court's exercise of this discretion include the potential for merit in the claims, the futility of further investigation, the defendant's ability to articulate and present his own claim and the nature of the claim. Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992).

Weighing these factors in this case militates in favor of denying the motion. Hebert's motion to appoint counsel mentions no particular claim. The record reveals nothing that might indicate any potential claim that might have merit. Further investigation of factors concerning Hebert's sentence would be futile in light of the full investigation already conducted by this court's probation office in its presentence investigation report, and the review of that report already conducted by defendant, his appointed counsel and the court. Hebert appears to have sufficient ability to present his own post-conviction claims in a Section 2255 motion.

Rule 8 of the Federal Rules Governing Section 2255 Proceedings makes appointment of counsel mandatory at this stage of criminal proceedings only "[i]f an evidentiary hearing is required," at which time "the judge shall appoint counsel for a movant who qualifies for the appointment." Since no new Section 2255 motion has yet been filed, there is no basis on which an evidentiary hearing might be contemplated.

Under these circumstances, I find that appointment of counsel should not be ordered in this matter. Accordingly, **IT IS ORDERED** that the motion of defendant, Mark Hebert, for appointment of counsel is **DENIED**.

New Orleans, Louisiana, this ___15th___ day of November, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JANE TRICHE MILAZZO**